[No. 21541.  Department Two.  March 27, 1929.]
KATHERINE TAYLOR, *Appellant*, v. CHARLES L. TAYLOR, *Respondent*.[1]

*H. B. Madison* and *Tucker, Hyland & Elvidge* (*W. Stevens Tucker*, of counsel), for appellant.

*F. B. Churchill*, for respondent.

PARKER, J.—The plaintiff, Mrs. Taylor, seeks a decree of divorce dissolving the bonds of matrimony existing between her and the defendant, Mr. Taylor. A trial upon the merits in the superior court for King county, resulted in findings and judgment denying to Mrs. Taylor the relief prayed for, from which she has appealed to this court.

Mr. and Mrs. Taylor were married in February, 1923. She was then a widow, and he was then a widower. Both had reared families, but all their children were grown and caring for themselves. At the time of the commencement of this action in 1928, she was fifty-four years old, and he was seventy-five years old. She seeks a divorce upon the grounds of alleged

[1]Reported in 275 Pac. 719.

cruel treatment and alleged failure, on his part, to perform, after their marriage, an oral agreement which she claims they entered into prior to, and in contemplation of, their marriage, to divide equally with her the net income of his property. He then had property of large value, while she also had property of considerable value, though of much less value than his property. The agreement had no relation to her property or the income therefrom. The trial judge found against Mrs. Taylor upon both of these grounds, which findings, we are convinced by a reading of the evidence, are fully sustained thereby. As to the alleged cruelty, it consisted only of somewhat strongly expressed ill-feeling towards each other on several occasions.

We think, as the trial judge evidently did, that she was more to blame than he in these quarrels, though he was not wholly free from fault. As to his failure to divide equally with her the net income of his property after marriage, assuming that there was an agreement to that effect, the evidence, we think, warranted the trial judge in believing that he substantially complied with such agreement, and that whatever seeming failure there was on his part in that behalf, was because of the great depreciation of the net income from his property after their marriage, a fact which she failed to recognize. The evidence leaves little room for arguing that she was not furnished by him or his means with a fair degree of the comforts, and some of the luxuries, of life, in keeping with their station. It seems clear to us that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., MAIN, BEALS, and MILLARD, JJ., concur.